UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA GUILFOYLE,<br><br>        Appellant<br><br>        v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>        Appellee | CASE NO. 1:13-CV-1330 AWI<br><br>BANKRUPTCY COURT CASE NO. 08-16873-A-7<br>ADVERSARY PROCEEDING NO. 11-01230<br><br>ORDER RE: MOTION FOR TRANSCRIPTS |

      Appellant has made a motion for the government to pay for two transcripts as part of the record on appeal. Doc. 4. Appellee opposes the motion. Doc. 7. The two items are a trial transcript dated July 19, 2013 and a deposition transcript dated March 26, 2013. Appellant has provided no authority to support her request. Of note, Appellant is not proceeding in forma pauperis under 28 U.S.C. §1915. In a bankruptcy appeal, "the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.... the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal....If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record." Fed. Rule Bankr. Proc. 8006. The opening letter in the appeal sent out by the District Court Clerk's Office echoes that rule, stating "The party ordering transcripts must make satisfactory arrangements for payment of their costs. Doc. 2. The local rules of the Eastern District of California do not have any

1 provision for government payment of transcripts for appeal; the same is true of the local rules of
2 the Eastern District of California Bankruptcy Court and the Ninth Circuit Bankruptcy Appellate
3 Panel.  As Appellant has provided no legal basis for her request, it is denied.

4      As a practical matter, according to the docket in Adversary Case 11-01239, the referenced
5 trial transcript has already being produced and is available for view at the Bankruptcy Court
6 Clerk's Office public terminal. See Adversary Case 11-01230, Doc. 216.  That transcript is part of
7 the record on appeal and Appellant has access to the document.

8      Regarding the deposition transcript, the court notes that it was a deposition of Appellant
9 taken by Appellee.  The bankruptcy local rules state "It shall be the duty of the party requesting a
10 deposition to obtain from the reporter the original transcript thereof in a sealed envelope and to
11 safely retain the same under conditions suitable to protect it from loss, destruction, or tampering
12 until such time as the Court shall order its production." E.D. Cal. Bankr. Local Rule 7030-1.  The
13 court presumes that Appellee has the full transcript of the deposition in its possession.  As part of
14 the underlying proceedings in the bankruptcy court, Appellee submitted excerpts from that
15 deposition in support of its motion for summary judgment. See Adversary Case 11-01230, Doc.
16 158.  Those excerpts are not part of the record on appeal. See Adversary Case 11-01230, Doc. 222.
17 Without the full transcript, the deposition of Appellant taken March 26, 2013 will be deemed
18 stricken from the designation of record and neither party will be allowed to use any part of it for
19 this appeal.  Should either party seek to ensure that it remains part of the record on appeal, they
20 must provide the full deposition transcript to the Bankruptcy Court Clerk's office and make it
21 available to the opposing party by 3:00 PM on Monday, November 4, 2013.

IT IS SO ORDERED.

Dated:   October 30, 2013                                  _____
                                                                                  SENIOR DISTRICT JUDGE